## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TERRELL R. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-4069-JTM-KGG |
| | ) | |
| FEDERAL COMMUNICATIONS | ) | |
| COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Terrell Jones has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **recommends** Plaintiff's claims be **dismissed** for failure to state a viable federal cause of action.

### A.    Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

1

means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 21 and single with no dependents.  (Doc. 3, sealed, at 1-2.)  Plaintiff is currently unemployed, but lists a modest amount he earned with his previous employer.  (*Id*., at 2-3.)  His lists no other income or government benefits other than the COVID relief stimulus check issued by the federal government earlier this year.  (*Id.*, at 4-5.)  He does not

own real property or an automobiles.  (*Id.*, at 3-4.)  He lists a no cash on hand.
(*Id.*, at 4.)  He lists no monthly expenses other than a small amount for groceries.
(*Id.*, at 5.)  Plaintiff has not filed for bankruptcy.  (*Id.*, at 6.)

The Court finds that, based on the information provided, Plaintiff's access to
the Court would be significantly limited absent the ability to file this action without
payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in
forma pauperis*. (Doc. 3, sealed.)

**B.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma
pauperis* case "at any time if the court determines that . . . the action or appeal –
(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be
granted; or (iii) seeks monetary relief against a defendant who is immune from
such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty
to review the complaint to ensure a proper balance between these competing
interests."  ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG,
2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is
"the prevention of abusive or capricious litigation."  ***Harris v. Campbell***, 804
F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar
language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte*

dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of

a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22,

2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir.1991) (holding that a plaintiff need not precisely state each element, but must

plead minimal factual allegations on those material elements that must be proved)).

"In other words, plaintiff must allege sufficient facts to state a claim which is

plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d

at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual

allegations in the complaint must be enough to raise a right to relief "above the

speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v.*

*Twombly*, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not

relieve [him] of the burden of alleging sufficient facts on which a recognized legal

claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements

unsupported by factual allegations are insufficient to state a claim, even for a pro

se plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016).  "This

is so because a pro se plaintiff requires no special legal training to recount the facts

surrounding his alleged injury...." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a),

it must give the defendant sufficient notice of the claims asserted by the plaintiff so

that they can provide an appropriate answer.  ***Monroe v. Owens***, Nos. 01-1186, 01-

1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires

three minimal pieces of information to provide such notice to the defendant: (1) the

pleading should contain a short and plain statement of the claim showing the

pleader is entitled to relief; (2) a short and plain statement of the grounds upon

which the court's jurisdiction depends; and (3) the relief requested.  Fed. R. Civ. P.

8(a).  After reviewing a plaintiff's Complaint and construing the allegations

liberally, if the Court finds that he has failed to state a claim upon which relief may

be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff, who contends the is "known throughout the entertainment industry

as a more [religious] based artist/promoter," brings a claim for "invasion of

privacy" against Defendant Federal Communications Commission.[1]  (Doc. 1.)

Invasion of privacy is generally actionable under Kansas law where there is:  "(1)

unreasonable intrusion upon the seclusion of another; (2) appropriation of

another's name or likeness; (3) unreasonable publicity given to another's private

life; or (4) publicity that unreasonably places another in a false light before the

public."  ***Finlay v. Finlay***, 18 Kan. App. 2d 479, 485-86, 856 P.2d 183 (1993)

---

[1]  Plaintiff previously brought an invasion of privacy claim against Netflix.  (Case No. 20-1097-EFM-KGG.)  That case was dismissed by the District Court on recommendation of the undersigned Magistrate Judge failure to state a viable cause of action.  (Case No. 20-1097, Doc. 8.)

(citation omitted).  He alleges jurisdiction pursuant to "Section 201 of the communications act, 47 U.S.C. 207."  (Doc. 1, at 3.)

Plaintiff contends that "multiple people and businesses connected or working through" the FCC have been "openly stalking/following me ... looking to gain/take ideas from my life & use them for profit."  (*Id*., at 7.)  He further alleges that "[s]ome instances of invasion of privacy have also come in the form of radio & television harassment from certain stations," which has "caused huge emotional & reputational harm on top of great financial damages."  (*Id*.)

Plaintiff provides no facts to support these allegations to describe how the alleged invasions occurred.  He provides no facts to support how any individuals or businesses allegedly engaging in such invasive behavior are doing so on behalf of the FCC.  Simply stated, Plaintiff has not met "the burden of alleging sufficient facts on which a recognized legal claim could be based."  ***Hall***, 935 F.2d at 1110.  As stated above, "[c]onclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff."  ***Olson***, 641 Fed.Appx. at 825.  The Court thus **recommends** to the District Court that Plaintiff's claim be **dismissed** for failure to state a viable cause of action.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's Complaint be **DISMISSED**.  The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 29th day of October, 2020.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge