IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

T<small>ERRELL</small> R. J<small>ONES</small>,
       Plaintiff,

vs.                                         No. 20-4069-JTM

F<small>EDERAL</small> C<small>OMMUNICATIONS</small> C<small>OMMISSION</small>,
       Defendant.

MEMEMORANDUM AND ORDER

In the present action, *pro se* Plaintiff Terrell Jones sues the Federal Communications Commission (FCC) for invasion of privacy. He alleges in his Complaint that he is "known through the Entertainment industry as a more religulous [*sic*] based Artist/Promoter." (Dkt. 1, at 7). He alleges that in 2019 he:

> noticed multiple people & buisnesses [*sic*] connected or working through the FCC openly stalking/following me … looking to gain/take idea's [*sic*] from my life & use them for profit. Some instances of Invasion of Privacy have also come in the form of Radio & television harassment from certain stations. Overall this has caused huge Emotion & reputational harm on top of great financial damages.

(*Id*.). Plaintiff previously brought an invasion of privacy claim against Netflix. (Case No. 20-1097-EFM-KGG.) That case was dismissed by the District Court on recommendation of the undersigned Magistrate Judge failure to state a viable cause of action. (Case No. 20-1097, Doc. 8).

The matter is now before this court following an October 29, 2020 Report and Recommendation (Dkt. 6), which granted Jones leave to proceed *in forma pauperis*, but recommended dismissing the action. The Magistrate Judge observed that Jones "provides no facts to support these allegations to describe how the alleged invasions occurred," and gives "no facts to support how any individuals or businesses allegedly engaging in such invasive behavior are doing so on behalf of the FCC." (Dkt. 6, at 7). Accordingly, the Magistrate Judge determined that the plaintiff's conclusory allegations failed to meet the pleading standards required by decisions such as *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The court concurs. Jones has filed an Objection to the Report and Recommendation which offers only the allegation that "harm/damages which continue & can be proven as fact in a fair court proceed." (Dkt. 7, at 1). Beyond this, the plaintiff attaches two screenshots from a cellphone inbox—none of which mention the FCC or any obviously related entity[1]—coupled with, as "witnesses to said allegations," a handwritten list of a dozen companies, from Hulu and Sony Music to several trash service companies and the City of Wichita. The Objection is devoid of any explanation as either how plaintiff's privacy was infringed, or how the FCC is legally responsible for it.

---

[1] Of the eleven 2019 emails shown in the two screen shots, six are from "TheNLRProductions," two are from "BeatStars," and one from the Google Community Team.

2

IT IS ACCORDINGLY ORDERED this day of November, that the Report and Recommendation is adopted, and the present action is hereby dismissed.

*J. Thomas Marten*
J. Thomas Marten, Judge